David M. Arbogast (SBN 167571)
David@SpiroMoss.com
Ira Spiro (SBN 67641)
Ira@SpiroMoss.com
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468; Fax: (310) 235-2456

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Phone: (215) 564-2300; Fax (215) 851-8029
*Attorneys for Plaintiff*

Kris P. Thompson, Esq., SBN 154866
John D. Alessio, Esq., SBN 174900
Mark E. Bale, Esq. SBN 174921
**THOMPSON & ALESSIO, LLP**
2550 Fifth Ave., Suite 600
San Diego, CA 92103
Phone: (619) 233-9100
Fax:    (619) 233-9400
*Attorneys for Defendant* PLAZA HOME MORTGAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ENEID AMPARAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAZE HOME MORTGAGE, INC. and DOES 1 through 10 inclusive.;<br><br>Defendants. | Case No.: CV 07-O4498 JW<br><br>CLASS ACTION<br><br>**CASE MANAGEMENT STATEMENT** |

Following a conference of counsel on January 7, 2008, Plaintiff, Eneida Amparan ("Plaintiff") and Defendant, Plaza Home Mortgage ("Defendant") submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16-9.

## INTRODUCTORY STATEMENT

1. <u>Jurisdiction and Service</u>:

This is a putative class action. Plaintiff filed his First Amended Complaint ("FAC") on October 11, 2007. The FAC asserts six causes of action and seeks a variety of legal remedies. There are two contract causes of action: breach of contract (Count 4) and breach of the implied covenant (Count 5). The Unfair Competition Law, Business and Professions Code § 17200 *et seq.*, is the basis for three causes of action (Counts 2, 3 and 6). The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, is the basis for an additional cause of action (Count 1).

On December 15, 2007, Defendant filed an Answer and asserted various affirmative defenses to Plaintiff's FAC.

2. <u>Facts</u>

A. **PLAINTIFF'S STATEMENT.**

Plaintiff, individually and on behalf of class members, alleges Defendants failed to make adequate disclosures in violation of TILA in connection with the Option ARM home loan Defendants sold to Plaintiffs and other California consumers. Plaintiff alleges that these Option ARM loans and the documents Defendants used to sell them violate TILA. Plaintiff contends that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiff alleges that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged Plaintiff and consumers on their loans; (ii) the payments on the notes at the initial low interest rate absolutely would result in

negative amortization and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff, and others, were paying on the loans. Plaintiff seeks the right of rescission, individually and on behalf of the Class, under TILA, as well as damages.

Plaintiff further alleges that Defendants violated California's UCL. Plaintiff has alleged three separate causes of action for violations of the UCL (Cal. Bus. & Prof. Code §17200, *et seq*.) One UCL cause of action is premised on the "unlawful" prong of the UCL and is predicated solely on Defendant's failure to comply with TILA. Another UCL cause of action is premised on the "unfair" and "fraudulent" prongs of Plaintiff's UCL; it is based on allegations that Defendant sold deceptive financial products to consumers. The final UCL cause of action is based on contract law principles. Plaintiff alleges that the loan agreements, which are the subject of this action, are unconscionable and are therefore in violation of Financial Code § 22302 and the UCL. Plaintiffs seek restitution and equitable relief on these claims.

Plaintiff further alleges that Defendant's conduct concerning the recordation of documents has affected Plaintiff's interest in the mortgage loan and in the real property offered as security for a mortgage loan, and is seeking damages and/or equitable relief on these claims.

Lastly, Plaintiff alleges that the Defendant breached the express terms of the written contract entered by and between Plaintiff and Defendant by failing to apply any portion of Plaintiff's loan payments, which were based on the initial low interest rate, to reduce the principal balance on the loan. Defendant also failed to provide the low interest rate to Plaintiff's loan in the manner agreed by the Parties. Plaintiff seeks damages and/or other equitable relief on these causes of action.

/ / /

B.   **DEFENDANT'S STATEMENT.**

Plaintiff is sophisticated in real estate transactions and has been a licensed real estate sales person in California since February of 2002. Defendant is informed and believes Plaintiff had ties to the brokerage, escrow and/or title company used on the transaction that should have been, but was not, disclosed. Defendant is further informed and believes Plaintiff engaged in other malfeasance during the loan process.

The loan documents at issue were vetted prior to use by state and federal Truth in Lending Act (hereinafter TILA) compliance specialists. These loan documents at issue are clear and concise and otherwise comply with TILA requirements.

Defendant is a whole seller of loans. Defendant's interaction related to this loan was with Plaintiff's third party broker and not Plaintiff the borrower. This loan product was introduced, selected and reviewed with Plaintiff by virtue of Plaintiff's interaction with Plaintiff's third party broker and not Defendant.

Defendant denies any and all allegations in the first amended complaint including, without limitation, the allegations that this loan product violated the TILA and the subsequent claims that are tethered thereto. Defendant further denies and objects to the appropriateness of a class action for the alleged claims and forms of relief requested.

3.   Legal Issues

These are several disputed points of law. These include: whether Defendant's acts and practices violate The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; whether Defendant's conduct violated TILA regulations, including 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19; whether Defendant engaged in unfair business practices aimed at deceiving Plaintiff and the Class members before and during the

loan application process; whether Defendant, by and through its officers, employees, and agents failed to disclose that the interest rate actually charged on these loans was higher than the rate represented and promised to Plaintiff and the Class members; whether Defendant, by and through its officers, employees and agents concealed, omitted and/or otherwise failed to disclose information they were mandated to disclose under TILA; and whether Defendants' action constitute violations of The Unfair Competition Law, Business and Professions Code § 17200 *et seq.*

Also, at issue are the various defenses set forth by Defendant including, without limitation, the timeliness of the claims; reasonable reliance by Plaintiff(s); whether the conduct by Plaintiff served to sever any obligations by Defendant; whether or not this matter is appropriate for class action, including without limitation, 1) sufficient numerosity; 2) sufficiency of common questions of fact and law; 3) sufficiency of typicality with regard to the claims and defenses; 4) adequacy of the representative Plaintiff.

4.   Motions

There are no pending motions. Plaintiff intends to file a Motion for Class Certification. Defendant intends to file a motion for judgment on the pleadings, motion to dismiss, motions for summary judgment/adjudication and opposition to class certification.

5. <u>Amendment of Pleadings</u>

Plaintiff may amend the pleadings to name other entities in the loan "chain." Plaintiff proposes that the deadline for amending the pleadings shall be June 1, 2008. Defendant likewise may amend the answer and/or file cross-claims and requests the right to do so until after precertification discovery is completed.

6. <u>Evidence Preservation</u>

The parties have taken steps to ensure that relevant evidence is being preserved. Defendant has put a "litigation hold" in place to preserve relevant evidence.

7. <u>Disclosures</u>

The parties intend to fully comply with the timing and substantive initial disclosure requirements of Rule 26(f) of the Fed. R. Civ. P.

8. <u>Discovery</u>

There has been no discovery taken to date. The parties intend to focus their initial discovery efforts on issues directed toward class certification but acknowledge the potential for overlap between discovery related to class certification and that related to the merits. Plaintiff will be seeking discovery related to Defendant's conduct in connection with the formulation, development, implementation and marketing of adjustable rate mortgages and home equity loans. Defendant will be seeking discovery related to the merits of Plaintiff's individual claims and his adequacy to serve as a representative of the putative class as well as the appropriateness of the class action vehicle for the alleged claims and relief requested.

9.   Class Actions

The case is being brought under Fed. R. Civ. P. 23(a) and (b)(3). The classes are comprised of a California Class (All individuals who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the State of California) and a National Class (All individuals in the United States of America who, within the four year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the United States of America).

Plaintiff asserts that this action is maintainable as a class action because there are numerous class members, the claims are common and there are predominating issues of law and fact surrounding almost identical ARM loans. Defendant disagrees and states that the putative classes do not satisfy the requirements for certification under Rule 23(a) or (b)(3).

Plaintiff suggests that the class certification briefing commence 90 days from the date of the completion of the initial discovery focusing on class action issues. Defendant suggests the parties follow the timeline set forth in section II F of the Rule 26(f) Report filed herewith.

///

///

10. <u>Related Cases</u>

Plaintiff has previously filed a notice of related case. At this time, the parties are not aware of any other related cases.

11. <u>Relief</u>

Plaintiff seeks, on behalf of himself and the Class, actual damages, restitution, attorneys' fees, costs and pre and post judgment interest at an amount to determined at trial. The calculation of damages suffered by the Class as a whole will be the subject of expert testimony. Defendant seeks judgment in their favor as well as attorneys fees and costs allowed under the loan documents.

12. <u>Settlement and ADR</u>

The parties believe settlement is premature prior to completion of discovery related to class issues. There have been no ADR efforts to date. The parties have stipulated to an ADR process pursuant to L.R. 3-5.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceedings. Defendant does not object to assistance and guidance from the Magistrate Judge when appropriate. Counsel may stipulate to Magistrate proceedings for various matters after conferring, if allowed by the court.

14. <u>Other References</u>

The parties do not believe the case is suitable for other references.

15. <u>Narrowing of Issues</u>

The parties believe that the motion for class certification may serve to narrow the issues for trial. The parties reserve their right to request bifurcation of issues, claims or defenses in the future. While Defendant believes the entire matter is not suitable for class action, certainly the "National Class" is not workable. The lending laws differ from state to state. An analysis of the California lending laws in conjunction with the federal TILA may be achievable; however, attempting to cast the net nationwide mandates numerous separate state class representatives, invites numerous conflict of laws issues, the risk of inconsistent judgments, forum non-conveniense concerns, as well as many other insurmountable hurdles.

16. <u>Expedited Schedule</u>

The parties do not believe this is an appropriate case for an expedited schedule.

17. <u>Scheduling</u>

The parties believe it is appropriate at this time to set forth dates for the class certification motion practice as a ruling on this motion will have a significant impact on the scheduling of other events, including designation of experts, discovery cutoff, the type of dispositive motions, and the date for trial.

Accordingly, the parties propose that Plaintiff file his class certification motion and any supporting papers on or before July 21, 2008. Defendant shall file

CASE MANAGEMENT REPORT                 Case No: CV 07-04498

its opposition on August 29, 2008. Plaintiff shall file his reply on September 12 2008.  Hearing Date September 26, 2008.

The parties propose that the Court conduct a case management conference after ruling on the motion for class certification.

18.   Trial

The parties believe that a trial on the individual claims would last two weeks, while a class action jury trial would likely last no less than three months depending upon the size of the class(es).

19.   Disclosure of Non-party Interested Entities or Persons

The parties have completed the Certification of Interested Entities or Persons" required by L-R 3-16.

Date: February 11, 2008          SEEGER WEISS LLP

                                 By: ___/s/_____
                                     Jonathan Shub, Esq.
                                     Attorneys for Plaintiff


Date: February 11, 2008          THOMPSON & ALESSIO, LLP

                                 By: ___/s/_____
                                     Kris P. Thompson, Esq.
                                     John D. Alessio, Esq.
                                     Mark E. Bale, Esq.
                                     Attorneys for Defendant,
                                     PLAZA HOME MORTGAGE, INC.

CASE MANAGEMENT REPORT                                    Case No: CV 07-O4498