David M. Arbogast (SBN 167571)
David@SpiroMoss.com
Ira Spiro (SBN 67641)
Ira@SpiroMoss.com
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468; Fax: (310) 235-2456

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Phone: (215) 564-2300; Fax (215) 851-8029
*Attorneys for Plaintiff*

Kris P. Thompson, Esq., SBN 154866
John D. Alessio, Esq., SBN 174900
Mark E. Bale, Esq. SBN 174921
**THOMPSON & ALESSIO, LLP**
2550 Fifth Ave., Suite 600
San Diego, CA 92103
Phone: (619) 233-9100
Fax:    (619) 233-9400
*Attorneys for Defendant* PLAZA HOME MORTGAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ENEID AMPARAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAZE HOME MORTGAGE, INC. and DOES 1 through 10 inclusive.;<br><br>Defendants. | Case No.: CV 07-O4498 JW<br>CLASS ACTION<br><br>**Rule 26(f) Report** |

Following a conference of counsel on January 4, 2008, Plaintiff, Eneid Amparan ("Plaintiff") and Defendant, Plaza Home Mortgage, Inc. ("Defendant") submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16-9.

Where appropriate, the parties incorporate by reference herein the Joint Case Management Statement (the "CMS") being filed herewith.

I.     **FACTUAL SUMMARY OR ANALYSIS OF THE CASE**

    A.     **PLAINTIFF'S STATEMENT.**

Plaintiff incorporates by reference his statement in paragraph 2 of the CMS.

    B.     **DEFENDANT'S STATEMENT.**

Plaintiff is sophisticated in real estate transactions and has been a licensed real estate sales person in California since February of 2002. Defendant is informed and believes Plaintiff had ties to the brokerage, escrow and/or title company used on the transaction that should have been, but was not, disclosed. Defendant is further informed and believes Plaintiff engaged in other malfeasance during the loan process.

The loan documents at issue were vetted prior to use by state and federal Truth in Lending Act (hereinafter TILA) compliance specialists. These loan documents at issue are clear and concise and otherwise comply with TILA requirements.

Defendant is a whole seller of loans. Defendant's interaction related to this loan was with Plaintiff's third party broker and not Plaintiff the borrower. This loan product was introduced, selected and reviewed with Plaintiff by virtue of Plaintiff's interaction with Plaintiff's third party broker and not Defendant.

Defendant denies any and all allegations in the first amended complaint including, without limitation, the allegations that this loan product violated the TILA and the subsequent claims that are tethered thereto. Defendant further denies and objects to the appropriateness of a class action for the alleged claims and forms of relief requested.

/ / /

## II. REPORT ON FED. R. CIV. P. 26(F) ISSUES.

### A. INITIAL DISCLOSURES.

The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed in this Court's Scheduling Order.

### B. DISCOVERY NEEDED.

Plaintiff will be seeking discovery related to Defendant's conduct in connection with the formulation, development, implementation and marketing of adjustable rate mortgages. Defendant will be seeking discovery related to the merits of Plaintiff's individual claim, his adequacy to serve as a representative of the putative class, the appropriateness of the class action vehicle for the claims and relief at issue, and further defenses. The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits. To the extent that the parties disagree regarding the scope of discovery in the pre-certification phase of the case, they will seek additional guidance from the court.

### C. DISCOVERY OF ELECTRONICALLY STORED INFORMATION.

The parties have not yet met and conferred regarding the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure, but will do so shortly.

### D. PRIVILEGE OR WORK PRODUCT ISSUES.

At present, the parties are not aware of any issues relating to claims of privilege or work product. Protective orders may be necessary to preserve privacy rights and proprietary rights of the parties. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

E.  **LIMITATIONS ON DISCOVERY.**

Plaintiff requests permission to take a maximum of 10 fact witness depositions pursuant to Fed. R. Civ. P. 30(a)(2). Plaintiff requests that the parties be permitted to serve 75 interrogatories.

Defendant believes that only limited discovery shall be allowed at the outset to explore the appropriateness of the class action vehicle for these claims. This may include a limited amount of written and oral discovery pursuant to the Federal Rules of Civil Procedure. Counsel for the parties will endeavor to set reasonable boundaries for such discovery. After the issue of certification is finalized, counsel for the parties will revisit the issue of the necessary breadth and depth of discovery. At both stages, pre and post certification, counsel will seek guidance from the court, if necessary.

F. **OTHER DISCOVERY DEADLINES**

At this time, the parties propose the following pre-trial schedule, without prejudice to seek variations here from upon stipulation and/or a showing of good cause to the court:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings/Add Parties | May 23, 2008 | No Objection at this time |
| Last day to file Motion for Class Action Certification and Precertification motions, including without limitation, judgment on the pleadings, dismissal motions and motions for summary adjudication/judgment | | July 21, 2008 |

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Motion For Class Certification Hearing Date | August 20, 2008 | September 26, 2008 |
| Post Certification Status Conference | | September 5, 2008 |
| Non-Expert Discovery Cut-Off Date | February 1, 2009 | To be determined post certification |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | April 1, 2009 | To be determined post certification |
| Rebuttal Expert Witness Disclosure | May 1, 2009 | To be determined post certification |
| Expert Discovery Cut-Off Date | June 22, 2009 | To be determined post certification |
| Dispositive Motions Due | July 22, 2009 | To be determined post certification |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion | |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion | |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion | |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion | |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification motion | |

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion | |
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion | |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion | |
| Trial Date | Parties meet and confer following resolution of class certification motion | |

### G.  OTHER ORDERS.

At present, the parties do not propose that this Court enter any other orders under Fed. R. Civ. P. 16 or 26(c). The parties expect that a confidentiality order may be appropriate. If the need for a confidentiality order arises, the parties intend to file an appropriate motion seeking its entry.

DATED:  February 11, 2008

Respectfully submitted,

ENEID AMPARAN
By his attorneys,

SEEGER WEISS LLP
Jonathan Shub (SBN 237708)
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: 215.564.2300
Fascimile: 215.851.8029

```
                    KIESEL BOUCHER LARSON LLP
                    Paul R. Kiesel (SBN 119854)
                    Patrick De Blasé (SBN 167138)
                    Michael C. Eyerly (SBN 178693)
                    8648 Wilshire Blvd.
                    Beverly Hills, CA 90211
                    Telephone: 310.854.4444
                    Facsimile: 310.854.0812

                    David M. Arbogast (SBN 167571)
                    David@SpiroMoss.com
                    Ira Spiro (SBN 67641)
                    Ira@SpiroMoss.com
                    SPIRO MOSS BARNESS LLP
                    11377 W. Olympic Boulevard, Fifth Floor
                    Los Angeles, CA 90064-1683
                    Phone: (310) 235-2468; Fax: (310) 235-2456


                    LAW OFFICES OF JEFFREY K. BERNS
                    Jeffrey K. Berns (SBN 131351)
                    19510 Ventura Blvd., Suite 200
                    Tarzana, CA 91356
                    Telephone: 818.961.2000
                    Facsimile: 818.867.4820
```

DATED: February 11, 2008              Defendant, PLAZA HOME MORTGAGE, INC

                                      By its attorneys,
                                      Kris P. Thompson, Esq., SBN 154866
                                      John D. Alessio, Esq., SBN 174900
                                      Mark E. Bale, Esq. SBN 174921
                                      **THOMPSON & ALESSIO, LLP**
                                      2550 Fifth Ave., Suite 600
                                      San Diego, CA 92103
                                      Phone:    (619) 233-9100
                                      Fax:      (619) 233-9400

- 7 -
JOINT RULE 26(f) REPORT

CASE NO.: C 07 04496