1   David M. Arbogast (SBN 167571)
    darbogast@law111.com
2   Jeffrey K. Berns (SBN 131351)
    jberns@law111.com
3   **ARBOGAST & BERNS LLP**
    19510 Ventura Boulevard, Suite 200
4   Tarzana, California 91356
    Phone: (818) 961-2000; Fax: (818) 867-4820
5
    *Attorneys for Plaintiffs*
6
7   John D. Alessio (SBN 174900)
    jda@procopio.com
8   **PROCOPIO, CORY, HARGREAVES &**
    **SAVITCH**
    530 B. Street, 21st Floor
9   San Diego, CA 92101
    Phone: (619) 238-1900; Fax: (619) 235-0398
10  *Attorneys for Defendant*

11  [*Additional counsel listed on signature page*]

12

13                 **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

15

16   ENEIDA AMPARAN, individually and on        )   **CASE NO. C-07-4498 JF (PVTx)**
     behalf of all others similarly situated,   )
17                                              )   CLASS ACTION
                          Plaintiffs,           )
18                                              )
                                                )   **JOINT CASE MANAGEMENT CONFERENCE**
19          v.                                  )   **STATEMENT**
                                                )
20                                              )
     PLAZA HOME MORTGAGE, INC., and             )
21   DOES 1 through 10 inclusive,               )   Hearing Date: June 27, 2008
                                                )   Time:        10:30 a.m.
22                        Defendants.           )   Place:       Courtroom 3
                                                )   Judge:       Hon. Jeremy Fogel
23                                              )
                                                )
24                                              )   Complaint Filed: August 29, 2007
                                                )   Trial Date: Not set yet.
25   _____        )

26

27

28

1    Pursuant to Civil Local Rule 16-9, Plaintiff ENEIDA AMPARAN ("Plaintiff") and Defendant

2    PLAZA HOME MORTGAGE, INC. ("Defendant"), submit this Joint Case Management Statement.

3    This statement sets forth the matters on which the parties have reached agreement, and their respective

4    views on the matters about which they disagree.

5            1.      **JURISDICTION AND SERVICE**

6            The Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Plaintiffs' First

7    Amended Complaint ("FAC") asserts a first cause of action for alleged violations of the Truth in

8    Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.  The Court also has supplemental jurisdiction under

9    28 U.S.C. § 1367 over the second, third and sixth causes of action for violation of California's Business

10   and Professions Code section 17200 et seq., and the fourth and fifth causes of action for breach of

11   contract tortious breach of the implied covenant of good faith and fair dealing.

12           In her discovery, Plaintiff seeks to have Defendant disclose the identity of the subsequent

13   purchaser and/or assignees of the loan sold to Ms. Amparan pursuant to 15 U.S.C. § 1641 ("Any person

14   who purchases or is otherwise assigned a mortgage . . . shall be subject to all claims and defenses with

15   respect to that mortgage that the consumer could assert against the creditor of the mortgage.")

16           Once Defendant has disclosed the identity of the subsequent purchaser and/or assignee of the

17   ARM loan sold to Ms. Amparan, Plaintiffs intends on naming the subsequent purchaser(s) and/or

18   assignee(s) as an additional defendant(s) pursuant to 15 U.S.C. 1641.   At that time, Plaintiff will also

19   seek leave to add an additional cause of action for Fraudulent Omissions.

20

21           2.      **FACTUAL SUMMARY AND DISPUTES**

22           A.      **Plaintiff's Statement**

23           This is a putative state and nationwide class action.  Plaintiffs filed their Second Amended

24   Complaint ("SAC") on January 1, 2008.  The SAC asserts six (6) causes of action and seeks a variety of

25   legal remedies.  The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., is the basis for Count 1

26   and includes four (4) alleged independent violations of TILA.  Counts 2, 3 and 6 are predicated on

27   California's Unfair Competition Law, Business and Professions Code § 17200 et seq.  Count 4 is for

28   breach of contract and Count 6 is for tortious breach of the implied covenant of good faith and fair

1  dealing.

2                    **B.**      **Defendant's Statement**

3          Plaintiff is sophisticated in real estate transactions and has been a licensed real estate sales

4  person in California since February of 2002.  Defendant is informed and believes Plaintiff had ties to the

5  brokerage, escrow and/or title company used on the transaction that should have been, but was not,

6  disclosed.  Defendant is further informed and believes Plaintiff engaged in other malfeasance during the

7  loan process.

8          The loan documents at issue were vetted prior to use by state and federal Truth in Lending Act

9  (hereinafter TILA) compliance specialists.  These loan documents at issue are clear and concise and

10  otherwise comply with TILA requirements.

11          Defendant is a whole seller of loans.  Defendant's interaction related to this loan was with

12  Plaintiff's third party broker and not Plaintiff the borrower.  This loan product was introduced, selected

13  and reviewed with Plaintiff by virtue of Plaintiff's interaction with Plaintiff's third party broker and not

14  Defendant.

15          Defendant denies any and all allegations in the first amended complaint including, without

16  limitation, the allegations that this loan product violated the TILA and the subsequent claims that are

17  tethered thereto.  Defendant further denies and objects to the appropriateness of a class action for the

18  alleged claims and forms of relief requested.

19

20      **3.**      **LEGAL ISSUES**

21                    **A.**      **Plaintiff's Statement**

22          (1)      Whether Defendant's loan documents violated the Truth in Lending Act, 15 U.S.C.

23  §1601, et seq.

24          (2)      Whether Defendants, by and through their officers, employees and agents concealed,

25  omitted and/or otherwise failed to disclose information they were mandated to disclose under TILA;

26          (3)      Whether Defendant, on a common class wide basis, failed to disclose the true variable

27  nature of interest rates on adjustable rate mortgage loans and adjustable rate home equity loans;

28  / / /

1    (4)    Whether Defendant's loan documents failed to disclose and omitted important material

2    facts to Plaintiffs and the putative Class members prior to entering into the loans;

3    (5)    Whether Defendant, on a common class wide basis,  failed to disclose and omitted

4    important material information concerning negative amortization prior to Plaintiffs and the putative

5    Class members prior to entering into the loans.

6    (6)    Whether Defendant engaged in unfair business practices aimed at deceiving Plaintiffs and

7    the Class members before and during the loan application process;

8    (7)    Whether Defendants failed to properly disclose the process by which negative

9    amortization occurs, ultimately resulting in the recasting of the payment structure over the remaining

10    lifetime of the loans;

11    (8)    Whether Defendant's failure to apply Plaintiffs' and the Class members' payments to

12    principal as promised in the standardized form Note(s) constitutes a breach of contract, including a

13    breach of the covenant of good faith and fair dealing;

14    (9)    Whether Defendants' conduct in immediately raising the interest rate on consumers' loans

15    so that no payments were applied to the principal balance constitutes breach of the covenant of good

16    faith and fair dealing;

17    (10)    Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as

18    to Plaintiffs and the Class Members as a whole.

19    Discovery may reveal additional common legal issues in dispute.

20    **B.    Defendant's Statement**

21    In addition to those legal issues set forth above, also at issue are the various defenses set forth by

22    Defendant including, without limitation, pre emption, standing, the timeliness of the claims; reasonable

23    reliance by Plaintiff(s); whether the conduct by Plaintiff served to sever any obligations by Defendant;

24    whether or not this matter is appropriate for class action, including without limitation, 1) sufficient

25    numerosity; 2) sufficiency of common questions of fact and law; 3) sufficiency of typicality with regard

26    to the claims and defenses; 4) adequacy of the representative Plaintiff.

27    Discovery will likely reveal additional legal issues.

28    / / /

1

**4.    MOTIONS**

2

    **A.    <u>Prior Motions</u>**

3

There have been no prior motions filed.

4

    **B.    <u>Pending Motions</u>**

5

There are no motions are pending.

6

    **C.    <u>Anticipated Motions</u>**

7

    The parties have met and conferred over the scope of the discovery necessary for class

8

certification.  Counsel for Defendant has stated that it will advise Plaintiff at the Case Management

9

Conference whether it will provide Plaintiff with the identify the subsequent purchaser(s) and/or

10

assignees of the loan sold to Ms. Amparan pursuant to 15 U.S.C. § 1641, and whether it will produce a

11

complete copy of all versions of the loan documents ( Note(s), Truth-In-Lending Disclosure Statements

12

("TILDS"), Program Disclosures, and Prepayment Penalty Riders) used by Defendant during the

13

liability period, as well as a several complete loan files.  If Defendant is unwilling to produce or provide

14

this information, Plaintiff will be filing a motion to compel.   Plaintiff also intends on moving for class

15

certification once sufficient class certification related discovery has been completed.  Defendant intends

16

to file a motion for judgment on the pleadings, motion to dismiss, motions for summary

17

judgment/adjudication and opposition to class certification.

18

19

**5.    AMENDMENT OF PLEADINGS**

20

    Pursuant to 15 U.S.C. § 1641, Plaintiff intends on moving to amend their Complaint naming the

21

subsequent purchaser(s) and/or assignee(s) of the loan sold to Ms. Amparan as and additional

22

defendant(s).  Defendant will likewise amend their answer and possibly cross claim as appropriate.

23

**6.    EVIDENCE PRESERVATION**

24

    The parties are aware of their obligation to preserve relevant evidence, including electronically

25

stored information, and have taken steps to comply with their obligations.

26

**7.    DISCLOSURES**

27

    The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P.

28

26(a)(1) within the time prescribed in the Rule.

**8.    DISCOVERY**

**A.    Discovery to Date**

Plaintiff propounded an initial set of requests for production of documents and interrogatories. Defendant has responded to Plaintiff's discovery requests and the parties have met and conferred over the adequacy of Defendant's responses.  Counsel for Defendant has stated that it will advise Plaintiff at the Case Management Conference if Defendant will be supplementing its responses and producing additional information and documents.   Plaintiff also intends on taking the depositions of Defendant's person most knowledgeable concerning Defendant's loan practices after receiving and analyzing Defendant's full and complete responses to Plaintiff's discovery requests.  Defendant will be seeking discovery related to the merits of Plaintiff's individual claims and his adequacy to serve as a representative of the putative class as well as the appropriateness of the class action vehicle for the alleged claims and relief requested.

**B.    Scope of Discovery**

The parties are in agreement that discovery should proceed forthwith.  Plaintiffs will be seeking discovery related to identifying the subsequent purchasers and assignees of the ARM loans Defendant sold during the Class Period.  Plaintiffs will also be seeking discovery related to Defendant's loan practices and conduct in connection with the formulation, development, implementation and marketing of the ARM loans at issue.  The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits.

**C.    Modifications of Discovery Rules**

The parties do not believe that any modification of the discovery rules is necessary at this time.

**9.    CLASS ACTIONS**

**PLAINTIFF'S STATEMENT:**

**A.    Paragraphs of FRCP 23**

FRCP 23(a) and (b)(3).

/ / /

/ / /

1

### B.    Description of the Class

2

**The California Class**:  All individuals who, within the four year period preceding the filing of Plaintiffs' Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the State of California; and

3

4

**The National Class**:  All individuals in the United States of America who, within the four year period preceding the filing of Plaintiffs' complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.

5

6

7

An appropriate sub-Class exists for the following Class Members:

8

All individuals in the United States of America who, within the three year period preceding the filing of Plaintiffs' complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.

9

10

11

See First Amended Complaint, ¶ 45.

12

### C.    Facts Showing Plaintiffs Are Entitled to Maintain the Class Action

13

This case primarily involves Defendant's failure to disclose important material facts, in the

14

standardized loan contracts provided to Plaintiffs and the putative class members, prior to entering into

15

the loans.  The case is therefore narrowly tailored to redress omissions and failures to disclose in the

16

loan documents ( Note, Truth-In-Lending Disclosure Statements ("TILDS") and Prepayment Penalty

17

Rider).

18

As such, Plaintiffs believe that Defendant's liability can be determined a class-wide because proof for

19

one shall be proof for all.

20

### D.    Proposed Date for Hearing on Motion for Class Certification

21

Plaintiff believes that since Defendant has not yet provided the name(s) of the subsequent

22

purchasers and/or assignees of the loan sold to Ms. Amparan, and these additional parties have not yet

23

been named or served, that setting a date for class certification is premature at this time.

24

25

**DEFENDANT'S STATEMENT:**

26

A.    FRCP 23 9(a) and (b)(3)-this claim by this representative plaintiff against this defendant

27

is not suited for class action.

28

/ / /

B.    Defendant objects to the class descriptions.  Such objections include without limitation the definitions to the extent they classify the class from the date of mailing of the notice when it should be from the date of the initial filing of this claim.  The national class is unworkable due to conflicts of law issues, among other class action suitability issues.

C.    Suitability of a class action for this claim, brought by this plaintiff against this defendant is contested and should be denied on many grounds, including those which have been touched on above in the Defendant's Statements to be further briefed in the subsequent motions.  Proof of one is not proof for all, especially in light of the different legal issues and burdens placed by the numerous seperate claims brought by Plaintiff.

## 10.    RELATED CASES

On February 26, 2008, the Court related this case to the matter of <u>Mandriguez, et al. v. World Savings, et al.</u>, Case No. C 07-04497-JF (Rsx).

## 11.    PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff seeks an order declaring that Defendant violated TILA, 15 U.S.C. §1601, et seq., that Plaintiffs and the Class members have a right to rescind pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, and for an order rescinding Plaintiffs' individual mortgage and those of any class member desirous of such relief, and for an order awarding other relief as the Court deems just and proper.

Plaintiff also seek an order awarding Plaintiffs and the putative class members damages, restitution, and for declaratory and injunctive relief under Plaintiffs state law claims for violation of California's Unfair Competition Act, Bus. & Prof. Code §§ 17200, et. seq., Breach of Contract, Tortious Breach of the Covenant of Good Faith and Fair Dealing, and other relief as is just and proper.

## 12.    SETTLEMENT AND ADR

The parties believe that the method of ADR should be revisited once the subsequent purchaser of Plaintiff's loan has been served and appeared in this action.

/ / /

### 13.    CONSENT TO MAGISTRATE JUDGE

Defendant filed its declination to proceed before a Magistrate Judge on January 23, 2008.

### 14.    OTHER REFERENCES

None presently.

### 15.    NARROWING OF ISSUES, PRESENTATION OF EVIDENCE

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion.  The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

### 16.    EXPEDITED SCHEDULE

The parties agree this case is not appropriate for an expedited or streamlined procedure.

### 17.    SCHEDULING

Plaintiffs believe that scheduling should be deferred until the subsequent purchaser and/or assignee has been identified, served and appeared in this action.  Plaintiffs therefore suggest that the Court set a further case management conference 90 days after the filing of Plaintiff's Second Amended Complaint.  Defendant has no objection to a case management conference 90 days after Plaintiff's Second Amended Complaint.

### 18.    TRIAL

The parties believe that a trial on the individual claims as to the single Plaintiff would last two weeks, while a class action jury trial would likely last no less than three months depending upon the size of the class(es).

### 19.    DISCLOSURE OF INTERESTED PARTIES

Plaintiff filed her Certificate of Interested Entities or Persons on August 30, 2007.  Plaintiff certified that in addition to the named Plaintiff, members of the proposed class or classes of PLAZA HOME MORTGAGE, INC.'s customers who were sold and Adjustable Rate Mortgage ("ARM") loan, whose identities are as yet unknown.

1    Defendant is filing the Certification of Interested Parties which shall disclose the shareholders of

2    the corporation.

3    **20.    OTHER MATTERS**

4    At this time, the parties do not have any other additional matters that should be raised.

5

6    DATED: June 26, 2008                    Respectfully submitted,

7                                           ENEIDA AMPARAN
                                            By her attorneys,
8
9                                           /s/ *David M. Arbogast*
                                            ARBOGAST & BERNS LLP
                                            19510 Ventura Blvd., Suite 200
10                                          Tarzana, CA  91356
                                            Phone: (818) 961-2000; Fax: (818) 867-4820
11
12                                          KIESEL BOUCHER LARSON LLP
                                            Paul R. Kiesel (SBN 119854)
                                            Patrick De Blasé(SBN 167138)
13                                          Michael C. Eyerly (SBN 178693)
                                            8648 Wilshire Blvd.
14                                          Beverly Hills, CA  90211
                                            Phone: (310) 854-4444; Fax: (310) 854-0812
15
16                                          SEEGER WEISS LLP
                                            Jonathan Shub (SBN 237708)
                                            1515 Market Street, Suite 1380
17                                          Philadelphia, PA 19102
                                            Phone: (215) 564-2300; Fax (215) 851-8029
18
                                            ***Attorneys for Plaintiffs***
19

20

21   DATED: June 26, 2008                    PLAZA HOME MORTGAGE, INC.

22                                           By their attorneys,

23                                           /s/ *John D. Alessio*
                                             John D. Alessio (SBN 174900)
24                                           PROCOPIO, CORY, HARGREAVES
                                             & SAVITCH
25                                           530 B. Street, 21st Floor
                                             San Diego, CA 92101
26                                           Phone: (619) 238-1900
                                             Fax:    (619) 235-0398
27
                                             ***Attorneys for Defendant***
28

-10-