1  David M. Arbogast (SBN 167571)
   darbogast@law111.com
2  Jeffrey K. Berns, Esq. (SBN 131351)
   jberns@jeffbernslaw.com
3  **ARBOGAST & BERNS LLP**
   19510 Ventura Boulevard, Suite 200
4  Tarzana, California 91356
   Phone: (818) 961-2000; Fax: (310) 861-1775
5

6  Paul R. Kiesel, Esq. (SBN 119854)
   kiesel@kbla.com
7  Patrick DeBlase, Esq. (SBN 167138)
   deblase@kbla.com
8  Michael C. Eyerly, Esq. (SBN 178693)
   eyerly@kbla.com
9  **KIESEL BOUCHER LARSON LLP**
   8648 Wilshire Boulevard
10 Beverly Hills, California 90211
   Phone:  (310) 854-4444; Fax: (310) 854-0812
11
   [*Additional counsel listed on signature page*]
12 Attorneys for Plaintiff and all others Similarly Situated

13

14                **UNITED STATES DISTRICT COURT**

15      **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

16

17 ENEIDA AMPARAN, individually and on      )    **CASE NO. C-07-04498 - JF**
   behalf of all others similarly situated,    )
18                                             )    Judge:  Hon. Jeremy Fogel
                                               )    Ctrm:  3
19                Plaintiff,                    )
                                               )    CLASS ACTION
20      v.                                      )
                                               )
21                                             )    **STIPULATED PROTECTIVE ORDER**
   PLAZA HOME MORTGAGE, INC., and             )
22 DOES 1 through 10 inclusive,                )
                                               )
23                Defendants.                   )
                                               )
24                                             )
                                               )
25                                             )    Complaint Filed: August 29, 2007
                                               )    Trial Date: Not set yet.
26                                             )

27

28

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

1

## 1.    PURPOSES AND LIMITATIONS

2    Disclosure and discovery activity in this action are likely to involve production of confidential,

3 proprietary, or private information for which special protection from public disclosure and from use for

4 any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby

5 stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties

6 acknowledge that this Order does not confer blanket protections on all disclosures or responses to

7 discovery and that the protection it affords extends only to the limited information or items that are

8 entitled under the applicable legal principles to treatment as confidential.  The parties further

9 acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no

10 entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

11 that must be followed and reflects the standards that will be applied when a party seeks permission from

12 the court to file material under seal.

13

## 2.    DEFINITIONS

14    2.1    Party:  any party to this action, including all of its officers, directors, employees,

15 consultants, retained experts, and outside counsel (and their support staff).

16    2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or

17 manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

18 tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

19    2.3    "Confidential" information or items:  For the purposes of this Order, "Confidential"

20 information or items means:

21    (a)    Information that constitutes a trade secret in accordance with Cal. Civil Code §

22 3426.1;

23    (b)    Non-public communications with regulators or other governmental bodies that are

24 intended to be kept confidential and/or are protected from disclosure by statute or regulation;

25    (c)    Information, materials, and/or other documents reflecting non-public business or

26 financial strategies, and/or confidential competitive information which, if disclosed, would result in

27 prejudice or harm to the disclosing party; and

28 / / /

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

1    (d)   Any other information that qualifies for protection under standards developed under

2  F.R.Civ.P. 26(c), including but not limited to, information (other than Private Consumer Information as

3  defined below) subject to federal or state privacy rights.

4    2.4    Private Consumer Information:  Borrower-specific and/or credit applicant-specific

5  information, including private consumer information that contains identifying, contact or private

6  financial information provided by a consumer to a financial institution, resulting from any transaction

7  with the consumer or any service performed for the consumer, or otherwise obtained by the financial

8  institution, including any list, description, or other grouping of consumers (and publicly available

9  information pertaining to them) that is derived using any nonpublic personal information, including any

10  "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801

11  et seq.

12    2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

13  Producing Party.

14    2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in

15  this action.

16    2.7    Designating Party:  a Party or non-party that designates information or items that it

17  produces in disclosures or in responses to discovery as "Confidential" or "Private Consumer

18  Information."

19    2.8    Protected Material:  any Disclosure or Discovery Material that is designated as

20  "Confidential" or as "Private Consumer Information."

21    2.9    Outside Counsel:  attorneys who are not employees of a Party but who are retained to

22  represent or advise a Party in this action.

23    2.10    House Counsel:  attorneys who are employees of a Party.

24    2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

25  support staffs).

26    2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the

27  litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant

28  in this action and who is not a past or a current employee of a Party or a current employee of a

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party that produced the Protected Material at issue agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that the Party reasonably believes to qualify for protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially

1    asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

2    mistaken designation.

3        5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see,

4    e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

5    qualifies for protection under this Order must be clearly so designated before the material is disclosed or

6    produced.  Nothing in this Order concerning designation for protection, however, shall be interpreted as

7    controlling the form of production of any material by any Party or non-Party.

8        Designation in conformity with this Order requires:

9        (a)  for information in documentary form (apart from transcripts of depositions or other

10    pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

11    "PRIVATE CONSUMER INFORMATION" at the top or bottom of each page that contains protected

12    material. If only a portion or portions of the material on a page qualifies for protection, the Producing

13    Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

14    margins) and must specify, for each portion, the level of protection being asserted (either

15    "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION").

16        A Party or non-party that makes original documents or materials available for inspection

17    need not designate them for protection until after the inspecting Party has indicated which material it

18    would like copied and produced.  During the inspection and before the designation, all of the material

19    made available for inspection shall be deemed Protected Material.  After the inspecting Party has

20    identified the documents it wants copied and produced, the Producing Party must determine which

21    documents, or portions thereof, qualify for protection under this Order, then, before producing the

22    specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

23    "PRIVATE CONSUMER INFORMATION") at the top or bottom of each page that contains Protected

24    Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing

25    Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

26    margins) and must specify, for each portion, the level of protection being asserted (either

27    "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION").

28        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

Party or non-party offering or sponsoring the testimony take reasonable steps to identify on the record, before the close of the deposition, hearing, or other proceeding, the specific identity or the scope of all Protected Materials in such testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Private Consumer Information."

5.3    <u>Inadvertent Failures to Designate</u>. If any Confidential information or items or Private Consumer Information is inadvertently provided to a discovering party without being marked appropriately as Protected Material in accordance with this Order, the producing party may thereafter designate such material(s) as Confidential or Private Consumer Information and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.

If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be subject to any legal privileges, including but not limited to, the attorney-client privilege or work

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

product doctrine, or is otherwise protected from disclosure, the production of that information will not
be presumed to constitute a waiver of any applicable privileges or other protections.  In these
circumstances, the producing party must immediately notify all parties in writing of the inadvertent
production and the basis for the claim of privilege or other protection from production, and request in
writing the return or confirmed destruction of the privileged or protected information.  Within five days
of receiving such notification, and in compliance with the receiving parties' ethical obligations under the
law, all receiving parties who have not already reviewed such materials or who have reviewed the
materials but do not contest the applicability of the privilege asserted must return or confirm destruction
of all such materials, including copies and/or summaries thereof.  However, should a receiving party
contest the applicability of a privilege asserted with respect to an inadvertently produced document
which the receiving party has already reviewed, the receiving party may temporarily retain the
document or documents at issue, segregated and not further copied or disseminated, for the <u>sole</u> purpose
of contesting the applicability of the privilege asserted.  Within two (2) business days of the issuance of
a court order deeming the contested documents at issue privileged, or protected from production, the
receiving party must return or confirm destruction of all such materials, including copies and/or
summaries thereof.

### 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's designation of
Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic
burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to
challenge a designation of Protected Material by electing not to mount a challenge promptly after the
original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's
designation of Protected Material must do so in good faith and must begin the process by conferring
directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for
the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the
designation of Protected Material was not proper and must give the Designating Party an opportunity to
review the Protected Material at issue, to reconsider the circumstances, and, if no change in designation

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

1    is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

2    stage of the challenge process only if it has engaged in this meet and confer process first.

3        6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a designation of

4    Protected Material after considering the justification offered by the Designating Party may file and serve

5    a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

6    identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

7    must be accompanied by a competent declaration that affirms that the movant has complied with the

8    meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the

9    justification for the designation that was given by the Designating Party in the meet and confer dialogue.

10        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

11    Until the court rules on the challenge, all parties shall continue to afford the material in question the

12    level of protection to which it is entitled under the Producing Party's designation.

13        **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

14        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

15    produced by another Party or by a non-party in connection with this case only for prosecuting,

16    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

17    categories of persons and under the conditions described in this Order. When the litigation has been

18    terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

19    DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location

20    and in a secure manner that ensures that access is limited to the persons authorized under this Order.

21        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

22    the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

23    information or item designated CONFIDENTIAL only to:

24        (a) the Receiving Party's Outside Counsel of record in this action, as well as employees

25    of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

26    who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

27        (b) the officers, directors, and employees (including House Counsel) of the Receiving

28    Party to whom disclosure is reasonably necessary for this litigation and who have signed the

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

1    "Agreement to Be Bound by Protective Order" (Exhibit A);

2       (c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is

3    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

4    Order" (Exhibit A);

5       (d)  the Court and its personnel;

6       (e)  court reporters, their staffs, and professional vendors to whom disclosure is

7    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

8    Order" (Exhibit A);

9       (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

10    necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of

11    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

12    separately bound by the court reporter and may not be disclosed to anyone except as permitted under

13    this Stipulated Protective Order.

14       (g)  the author of the document or the original source of the information.

15      7.3    Use of "Private Consumer Information"  All documents or materials designated as

16    Private Consumer Information on the ground that said documents or materials pertain to

17    borrower-specific and/or credit applicant-specific information, including private consumer information

18    that contains identifying, contact or private financial information provided by a consumer to a financial

19    institution, resulting from any transaction with the consumer or any service performed for the consumer,

20    or otherwise obtained by the financial institution, including any list, description, or other grouping of

21    consumers (and publicly available information pertaining to them) that is derived using any nonpublic

22    personal information, including any "nonpublic personal information" such as identified by the

23    Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., may only be used for the purposes of this litigation,

24    and shall not be disclosed or disseminated to the general public or used for any commercial, business or

25    competitive purpose, without the consumers informed written consent.

26      **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

27        **OTHER LITIGATION.**

28      If a Receiving Party is served with a subpoena or an order issued in other litigation that would

1  compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

2  "PRIVATE CONSUMER INFORMATION," the Receiving Party must so notify the Designating Party,

3  in writing (by fax, if possible) immediately and in no event more than three court days after receiving

4  the subpoena or order.  Such notification must include a copy of the subpoena or court order.

5         The Receiving Party also must immediately inform in writing the Party who caused the subpoena

6  or order to issue in the other litigation that some or all the material covered by the subpoena or order is

7  the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this

8  Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to

9  issue.

10        The purpose of imposing these duties is to alert the interested parties to the existence of this

11 Protective Order and to afford the Designating Party in this case a reasonable opportunity to try to

12 protect its competitive or confidentiality interests, or its rights or obligations,  in the court from which

13 the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking

14 protection in that court of its confidential material – and nothing in these provisions should be construed

15 as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another

16 court.

17        **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

18        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

19 to any person or in any circumstance not authorized under this Stipulated Protective Order, the

20 Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

21 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person

22 or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

23 such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

24 hereto as Exhibit A.

25 / / /

26 / / /

27 / / /

28

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

**10.    FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

-11-

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED: July 3, 2008                          **ARBOGAST & BERNS LLP**

3
                                        By:    */s/ David M. Arbogast*
4                                              David M. Arbogast
                                               19510 Ventura Boulevard, Suite 200
5                                              Tarzana, California 91356
                                               Phone: (818) 961-2000;  Fax: (310) 861-1775
6
                                               **KIESEL BOUCHER LARSON LLP**
7                                              Paul R. Kiesel, Esq. (SBN 119854)
                                               kiesel@kbla.com
8                                              Patrick DeBlase, Esq. (SBN 167138)
                                               deblase@kbla.com
9                                              Michael C. Eyerly, Esq. (SBN 178693)
                                               eyerly@kbla.com
10                                             8648 Wilshire Boulevard
                                               Beverly Hills, California 90211
11                                             Phone:  (310) 854-4444;  Fax: (310) 854-0812

12                                             **SEEGER WEISS LLP**
                                               Jonathan Shub (SBN 237708)
13                                             jshub@seegerweiss.com
                                               1515 Market Street, Suite 1380
14                                             Philadelphia, PA 19107
                                               Phone:  (215) 564-2300; Fax (215) 851-8029
15
                                               Attorney for Plaintiff and all others Similarly
16                                             Situated

17  DATED: July 3, 2008                          **PROCOPIO, CORY, HARGREAVES &
                                                 SAVITCH LLP**
18
                                        By:    */s/ John D. Alessio*
19                                             John D. Alessio

20                                             Attorneys for Defendant PLAZA HOME
                                               MORTGAGE, INC.
21

22                              **ORDER**

23  PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

25  DATED: _____, 2008          _____
                                         Hon. Jeremy Fogel
26                                       United States District Judge

27

28

                                    -12-

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of <u>Eneida Amparan   v. Plaza Home Mortgage, Inc.</u>, Case No. C-07-04498-JF.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

STIPULATED PROTECTIVE ORDER - C-07-04498 - JF