*E-FILED 1/5/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ENEIDA AMPARAN,

    Plaintiff,

v.

PLAZA HOME MORTGAGE, INC., et al.

    Defendants.

NO. C 07-4498 JF (RS)

**ORDER GRANTING MOTION TO COMPEL**

Plaintiff Eneida Amparan brings this putative class action against defendant Plaza Home Mortgage, Inc. ("Plaza") for violations of the federal Truth in Lending Act ("TILA") as well as various state law claims. Amparan maintains that Plaza failed to disclose, clearly and conspicuously, important information about the option adjustable rate mortgage loan ("option ARM loan") it sold to her and other purchasers in a manner required by law. Amparan moves to compel Plaza to produce: (1) documents in response to document request number four seeking a complete copy of each version of the note, truth-in-lending disclosure statement ("TILDS"), program disclosure, and prepayment penalty rider ("the loan documents") during the putative liability period (August 29, 2003 to the present);[1] and (2) a verified supplemental written response. This matter is

---

[1] Amparan's motion defined the liability period as beginning in 2004. The reply, however, states that the period starts in 2003. The Arbogast declaration confirms that the liability period begins in 2003. Abrogast Decl., Ex. 1 at 3, Ex. 3 at 2.

1

1 suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons
2 stated below, the motion to compel will be granted.

3      Plaza represents that it provided Amparan with both in-state and out-of-state loan exemplars
4 that are part of the same loan program as hers, but to produce different versions of the loan
5 documents would involve the disclosure of propriety information.  Although Plaza understandably
6 lodges concerns regarding the disclosure of its sensitive business materials, the protective order
7 entered into on July 3, 2008, should address concerns regarding improper use of such information.
8 Protective orders in general are adequate to address proprietary issues particularly in the absence of
9 any showing, as in this case, that the documents here go beyond the type of sensitive materials
10 implicated in other business litigation.

11      Having determined that Plaza presents no reason to halt production solely on grounds of
12 document confidentiality, the next issue is whether the requested loan documents are likely to lead to
13 the discovery of relevant evidence.  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure,
14 parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or
15 defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the
16 action.  "Relevant information need not be admissible at the trial if the discovery appears reasonably
17 calculated to lead to the discovery of admissible evidence."  *Id*.

18      As noted above, Amparan seeks versions of various loan documents during the liability
19 period beyond the documents relating only to her own loan.  In particular, she seeks loan documents
20 with the following common uniform features: (1) an initial low or "teaser" interest rate, typically
21 between 1% and 3%; (2) a payment schedule in the TILDS based on this low interest rate; and (3)
22 when the payment schedule is followed, negative amortization occurs.  Contrary to Plaza's
23 arguments, Amparan has demonstrated that the versions of the option ARM loans sold to other
24 purchasers are likely to be relevant to issues in the litigation such as the propriety of class
25 certification or as to the sufficiency of disclosures under the TILA and state law claims.  Plaza,
26
27
28

therefore, will be required to respond to document production number four in addition to providing a verified supplemental written response within fourteen days of the date of this order.[2]

IT IS SO ORDERED.

Dated: January 5, 2009

RICHARD SEEBORG
United States Magistrate Judge

---

[2] Plaza further contends that it should not have to respond to the discovery request because it was overbroad and unduly burdensome and was vague and ambiguous. Plaza, however, proffers no arguments and makes no showing whatsoever on either of these objections. Such empty contentions, without more, are not a sufficient basis to overcome the open exchange of discovery contemplated by the Federal Rules of Civil Procedure.

ORDER GRANTING MOTION TO COMPEL
C 07-4498 JF (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

David M. Arbogast    darbogast@law111.com, jkerr@law111.com

Jeffrey K Berns    jberns@law111.com, staff@jeffbernslaw.com

John Dominic Alessio    jda@procopio.com, abr@procopio.com, laj@procopio.com

Jonathan Shub    jshub@seegerweiss.com, atorres@seegerweiss.com

LeAnn Pedersen Pope    lpope@burkelaw.com, rmallder@burkelaw.com

Michael C Eyerly    eyerly@kbla.com

Patrick DeBlase    deblase@kbla.com

Paul R. Kiesel    Kiesel@kbla.com, cgarcia@kbla.com

Robert Jerald Emanuel    remanuel@burkelaw.com, sbecchino@burkelaw.com

Robert Sterling Beall    rbeall@sheppardmullin.com

Shannon Z. Petersen    spetersen@sheppardmullin.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/5/09**                                                                 **Richard W. Wieking, Clerk**

                                                                                    **By:      Chambers**

ORDER GRANTING MOTION TO COMPEL
C 07-4498 JF (RS)

4