**E-Filed 8/28/09**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ENEIDA AMPARAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA HOME MORTGAGE, INC.; WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.,<br><br>Defendants. | Case Number C 07-4498 JF (RS)<br><br>**ORDER[1] GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

## I. BACKGROUND

Plaintiff Eneida Amparan ("Plaintiff") bring this putative class action for violations of the federal Truth in Lending Act ("TILA"), the California Business and Professions Code, and for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff filed her initial complaint on August 30, 2007. On October 11, 2007, she filed a first amended complaint as of right. *See* Fed. R. Civ. P. 15(a)(1). On July 24, 2008, by stipulation of the parties, Plaintiff filed a second amended complaint joining Defendant Washington Mutual Mortgage Securities

---

[1] This disposition is not designated for publication in the official reports.

Corp. ("WMMSC"), the alleged purchaser or assignee of her loan. Plaintiff now moves for leave to file a third amended complaint in order to: (1) add Rafael and Guadalupe Cisneros as additional plaintiffs and class representatives; (2) add WAMU Asset Acceptance Corp. ("WAAC"), the alleged subsequent purchaser of Plaintiff's Option ARM loan, as a defendant; (3) add Countrywide Home Loans, Inc. ("Countrywide"), the alleged subsequent purchaser and/or owner of the Cisneros's loan, as a defendant; (4) add Countrywide Bank FSB, another alleged subsequent purchaser and/or owner of the Cicneros's loan, as a defendant; and (5) amend and clarify the allegations of the complaint in light of recent decisions from this district.

Defendants Plaza Home Mortgage ("Plaza Home") and WMMSC (collectively, "Defendants") oppose the motion on the grounds that they would suffer undue prejudice if leave to amend were granted, that Plaintiff is guilty of bad faith and undue delay, and that amendment would be futile. Having considered the record and the written and oral arguments of counsel, the Court discerns no circumstances that would warrant a departure from the ordinary liberal policy with respect to the amendment of pleadings. Accordingly, Plaintiff's motion for leave to file an amended complaint will be granted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Absent any "apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v.*

*Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id*. at 758.

### III. DISCUSSION

**A.    Addition of class representatives**

Defendants "acknowledge[] that requesting leave to amend to add new representatives in a class action lawsuit is not uncommon." Opp., at 6; *see also Palmer v. Stassinos*, 236 F.R.D. 460, 464, 466 (N.D. Cal. 2006) (granting leave to amend for the purpose of adding plaintiffs); *Morgan v. Laborers Pension Trust Fund for N. Cal*., 81 F.R.D. 669, 673-675 (N.D. Cal. 1979) (same); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452 RJHRLE, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery." (citation omitted)). Further, when Defendants observed that "[i]t w[ould] be overburdensome . . . to go through the class certification motion or other dispositive motions only . . . later [to discover that Plaintiff] intend[s] [to] replac[e] or add[] another class representative," Weiss Decl., Ex. 3, at 1, and requested that Plaintiff disclose whether she had any such intention, Plaintiff complied fully, informing Defendants that she intended to add the Cisneroses as additional representatives before any further motions would be heard. Defendants nevertheless argue that the proposed addition of Mr. and Mrs. Cisneros is the result of bad faith and undue delay, and would be unduly prejudicial.

While the Court recognizes Defendants' interest in advancing this litigation, it finds inadequate factual support for Defendants' arguments. Not only did Plaintiff proceed in the manner outlined by Defendants, informing them prior to a motion for class certification of her intention to add additional class representatives, but the record reflects that Plaintiff timely sought to obtain, through formal discovery, the names of all putative class members, and that Defendant Plaza Home refused to provide the information. *See* Weiss Decl., Exs. 1-2. Under these circumstances, it cannot be said that Plaintiff unduly delayed in attempting to amend her complaint, or that any prejudice to Defendants would be unfair. Accordingly, Plaintiff will be allowed to amend her complaint to add the Cisneros plaintiffs.

### B. Addition of defendants

Plaza Home argues that Plaintiff is guilty of undue delay with respect to the addition of the WAMU and Countrywide entities as servicers, assignees, or purchasers of the Cisneros's loan. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 757. Nor have Defendants identified any prejudice flowing from the proposed addition of the WAMU or Countrywide entities–indeed, the joinder of these Defendants plausibly could mitigate the financial impact of any judgment Plaintiff ultimately may obtain. Similarly unpersuasive is Defendants' argument that the proposed joinder of WAAC and Countrywide fails to satisfy Rule 20(a)'s requirement that claims against additional parties arise from the same transaction or occurrence and have common issues of fact or law. Fed. R. Civ. P. 20(a). The legal and factual core of this case concerns whether a series of Option ARM loan documents used by Plaza Home violated TILA and other laws. Both Plaintiff and the Cisneroses accepted nearly identical loans from Plaza Home, and the fact that Plaza Home allegedly sold or assigned those loans to different third-party entities does not eliminate the overwhelming factual and legal commonality of the current and proposed claims. Finally, while Defendants argue that amendment would be futile because "the Cicneroses lack standing to assert any individual or putative class claim against WMMSC," the Court does not read the complaint as containing any such claims by the Cisneroses.[2]

### C. Clarification of pleadings

There is no indication that Plaintiff's proposed amendments to the substance of her pleading reflect any measure of bad faith or undue delay, or that such amendments would be futile. Nor can Defendants credibly claim that any substantial prejudice would result from such amendments.

---

[2] The Court is somewhat concerned that the TILA claims against the additional Defendants are time-barred, rendering futile any amendment to add those claims. *See Brooks v. ComUnity Lending, Inc.*, No. C 07-4501 JF, 2009 WL 1513397, at *4 (N.D. Cal. May 29 2009) (concluding that TILA claims against newly joined assignees and servicers of allegedly illegal loan were time-barred, as the claims did not relate back to a complaint that was either timely or subject to equitable tolling). However, as the parties have not raised the issue, the Court will not address it at this time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a third amended complaint will be granted. Defendants shall have thirty days from the date of service of the amended complaint in which to respond.

**IT IS SO ORDERED**.

DATED: 8/28/09

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Christopher A. Seeger cseeger@seegerweiss.com, Dmora@seegerweiss.com, jgrand@seegerweiss.com

3  

4  David M. Arbogast darbogast@law111.com, jkerr@law111.com

5  Jeffrey K Berns jberns@law111.com, staff@jeffbernslaw.com

6  John Dominic Alessio jda@procopio.com, abr@procopio.com, laj@procopio.com

7  Jonathan Shub jshub@seegerweiss.com, atorres@seegerweiss.com

8  LeAnn Pedersen Pope lpope@burkelaw.com, rmallder@burkelaw.com

9  Lee Weiss lweiss@bwgfirm.com, jwagner@bwgfirm.com

10 Lee A. Weiss lweiss@bwgfirm.com

11 Rebecca Tingey rtingey@bwgfirm.com

12 Rebecca Tingey rtingey@bwgfirm.com

13 Robert Jerald Emanuel remanuel@burkelaw.com, sbecchino@burkelaw.com

14 Robert Sterling Beall rbeall@sheppardmullin.com

15 Shannon Z. Petersen spetersen@sheppardmullin.com, pchavez@sheppardmullin.com

16 Stephen Ryan Meinertzhagen smeinertzhagen@burkelaw.com, jpowell@burkelaw.com, sbecchino@burkelaw.com

17

18

19

20

21

22

23

24

25

26

27

28
6

Case No. C 07-4498 JF (RS)
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFLC3)