1  BROOKS R. BROWN (SBN 250724)
   *bbrown@goodwinprocter.com*
2  **GOODWIN PROCTER LLP**
   10250 Constellation Blvd.
3  Los Angeles, California  90067
   Tel.:  310.788.5100
4  Fax:  310.286.0992

5  ROBERT B. BADER (SBN 233165)
   *rbader@goodwinprocter.com*
6  **GOODWIN PROCTER LLP**
   Three Embarcadero Center, 24th Floor
7  San Francisco, California  94111
   Tel.:  415.733.6000
8  Fax:  415.677.9041

9  *Attorneys for Countrywide Bank, FSB and*
   *Countrywide Home Loans, Inc.*

10 [Additional counsel on signature page]

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15 | ENEIDA AMPARAN, RAFAEL CISNEROS | Case No. C-07-04498 JF (RSx) |
16 and GUADALUPE CISNEROS, individually and on behalf of all others similarly situated,

   **JOINT SUPPLEMENTAL CASE
   MANAGEMENT STATEMENT**

17              Plaintiffs,

   Date:          December 17, 2010
18        v.     Time:          10:00 a.m.
                 Courtroom:  3 - 5th Floor
19 PLAZA HOME MORTGAGE, INC.;     Judge:       Hon. Jeremy Fogel
   WASHINGTON MUTUAL MORTGAGE
20 SECURITIES CORP.; WAMU ASSET
   ACCEPTANCE CORP.; COUNTRYWIDE
21 HOME LOANS, INC.; COUNTRYWIDE
   BANK, FSB; and DOES 5 through 10 inclusive,

22             Defendants.

23

24

25

26

27

28

Pursuant to Civil L.R. 16-10(d), Plaintiffs Eneida Amparan, Rafael Cisneros and Guadalupe Cisneros ("Plaintiffs"), and defendants named as "Countrywide Home Loans, Inc." ("CHL"), "Countrywide Bank, FSB" ("Countrywide Bank") (collectively, CHL and Countrywide Bank are referred to herein as "Countrywide"); "Plaza Home Mortgage Inc." ("Plaza Home"); "Washington Mutual Mortgage Securities Corp." ("WMMSC") and "WAMU Asset Acceptance Corp." ("WAAC") (collectively, WMMSC and WAAC are referred to herein as "WaMu") (Countrywide, Plaza Home and WAMU are collectively referred to herein as "Defendants," and together, with Plaintiffs, the "Parties") jointly submit this Joint Supplemental Case Management Statement in advance of the Case Management Conference scheduled for December 17, 2010.

### INTRODUCTORY STATEMENT

This is a putative state and nationwide class action asserting claims for fraudulent omissions and violations of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, relating to so-called payment option adjustable rate mortgage loans ("Option ARM loans"). Plaintiff Eneida Amparan ("Amparan") filed her Complaint on August 30, 2007 against Plaza Home. Amparan filed her First Amended Complaint on October 11, 2007. On July 24, 2008, Amparan filed her Second Amended Complaint, adding Washington Mutual Mortgage Services Corporation as a defendant. By Order dated December 17, 2008, this Court sustained a portion of Amparan's Truth in Lending Act ("TILA") claim, and her fraudulent omissions and UCL claims as to Plaza Home. On January 21, 2009, Plaza Home filed a cross claim against Mariposa Mortgage, Inc, the mortgage broker for Amparan. On April 20, 2009, default was entered against Mariposa Mortgage, Inc. On August 31, 2009, Amparan filed her Third Amended Complaint ("TAC"), adding Guadalupe and Rafael Cisneros (the "Cisneroses") as plaintiffs, and CHL and Countrywide Bank as defendants.[1] By Order dated September 23, 2010, this Court dismissed Plaintiffs' Truth in Lending Act ("TILA") claims against WaMu and Countrywide, and sustained Plaintiffs' fraudulent omissions and UCL claims as to all Defendants. Plaza Home and

---

[1] Only the Cisneroses purports to assert claims against Countrywide, and only Amparan purports to assert claims against WaMu.

Countrywide filed their answers to the TAC on October 15, 2010; WAMU filed its answer to the TAC on October 18, 2010.

## DISCUSSION OF ISSUES

### A.   JURISDICTION AND SERVICE

The Court has subject matter of this civil action under 28 U.S.C. § 1331.  No issues exist with respect to personal jurisdiction and venue.  All Defendants have appeared in the case.

### B.   FACTS

#### 1.   Plaintiffs' Statement

This consumer fraud class action is brought against Defendants for their deceptive and unfair practices in connection with their originating, purchasing, owning and securitizing of Option ARM loans.  Plaintiffs' claims in this case are based upon Defendants' scheme to defraud consumers into obtaining Option ARM loans.  The Notes and Truth in Lending Disclosure Statements ("TILDS") (collectively, the "Loan Documents") were designed to, and did, obscure the true nature of Plaintiffs' loans, through omissions of material facts.  At the time they entered into their Option ARM loans, Plaintiffs were unaware that the payment schedule provided in the TILDS, which was based on the teaser interest rate listed in the Notes that only applied for thirty days, could not possibly cover the amount of interest due after the first thirty days of the loan.  Thus, if Plaintiffs made payments according to the payment schedules in the TILDS, their loans would, and did, experience negative amortization.  The Loan Documents concealed this material fact by stating that Plaintiffs' minimum payment "could be less than or greater than the amount of the interest portion of the monthly payment."

Contrary to Defendants' arguments below, the vast number of Courts (including this Court in this case and recently in two other cases, including one where CHL is a defendant) that have addressed Defendants' arguments in motions to dismiss have rejected them.  *See, e.g., Amparan v. Plaza Home Mortgage, Inc.,* No. C 07-04498 JF, 2010 WL 3743953 (N.D. Cal. Sept. 23, 2010)*; Ralston v. Mortgage Investors Group, Inc.*, No. C 08-536 JF, 2010 WL 3211931 (N.D. Cal. Aug.

12, 2010), *Brooks v. ComUnity Lending, Inc.,* No. C 07-4501 JF, 2010 WL 2680265 (N.D. Cal. July 6, 2010).

Moreover, to date, two courts have certified Plaintiffs' fraudulent omissions and UCL claims. *See, e.g., Plascencia v. Lending 1st Mortgage,* 259 F.R.D. 437 (N.D. Cal. 2009); *Lymburner v. U.S. Fin. Funds, Inc.,* 2010 WL 335791 (N.D. Cal. Jan. 22, 2010). In *Plascencia,* 259 F.R.D. at 440, plaintiffs brought a class action against an originator and a subsequent purchaser of the same type of Option ARM loans that are at issue here. In certifying plaintiffs' fraudulent omissions and UCL claims, the court held that common issues predominated with respect to plaintiffs' claims because plaintiffs could prove defendants' liability with "generalized evidence." *Plascencia,* 259 F.R.D. at 447. The court further held that, in light of the California Supreme Court's decision in *In re Tobacco II,* 46 Cal. 4th 298, 207 P.3d 20 (2009) ("Tobacco II"), plaintiffs had made a sufficient showing of reliance to serve as class representatives. *Id.*

As in *Plascencia,* because of the identical omissions in all of the Loan Documents at issue here, Plaintiffs will be able to establish liability on behalf of the Class through common proof. Accordingly, Plaintiffs believe this Court too will find Plaintiffs' claims appropriate for class-wide treatment.

### 2. Countrywide's Statement

The Cisneroses are the only named-plaintiffs that purport to assert any claims against Countrywide, Countrywide denies that it is liable to them in any respect. In particular, the Cisneroses' causes of action are factually and legally defective because Countrywide is not liable for the purported fraudulent omissions and did not engage in any unfair, unlawful or fraudulent conduct. This is true because Countrywide did not make the Cisneroses' loan (Plaza Home did) and Plaza Home properly disclosed all loan terms. For these and other reasons, the Cisneroses cannot establish liability or a right to any relief, and their fraudulent omissions and UCL claims must fail as to Countrywide. *See Rohrmann v. First Metropolitan,* No. 08-0313 AG (CTx), slip op. (C.D. Cal. May 10, 2010); *Love v. First Mortg. Corp.,* No. 08-0060 AG (CTx), slip op. (C.D. Cal. Dec. 14, 2009); *Bigverdi v. Countrywide Bank, FSB,* No. CV 07-3453 AHS (FMOx), slip op.

(C.D. Cal. Mar. 26, 2009); *Carroll v. Homecomings Fin. LLC*, CV 07-3775 AHS (FMOx), slip op. (C.D. Cal. Mar. 23, 2009); *Taylor v. Homecomings Financial, LLC*, No. 4:09CV292-RH, 2010 WL 3637566 (N.D. Fla. Aug. 20, 2010); *Thibault v. American Mortg. Network*, No. 1-09-CV-158417, slip op. (Sup. Ct. Santa Clara Co. Oct. 29, 2010); *Love v. First Mortgage Corp.*, No. 30-2010-00342535-CU-BT-CSC (Orange County Sup. Ct. Oct. 14, 2010); *Boschma v. Home Loan Center, Inc.*, No. 30-2009-00277721-CU-FR-CXC, slip op. (Sup. Ct. Orange Co. May 13, 2010). Moreover, with respect to Plaintiffs' class allegations, Countrywide specifically denies that class certification is required or appropriate in this case.  Indeed, contrary to Plaintiffs' suggestion above, class certification has been denied in a number of Option ARM loan cases.  *Quezada v. Loan Center of California, Inc.*, No. 08-cv-00177-WBS-KJM (E.D. Cal. Dec. 18, 2009); *Jordan v. Paul Financial, LLC*, No. C 07-04496 SI, 2009 WL 650252 (N.D. Cal. Jan. 27, 2009).

### 3.    Plaza Home's Statement

The claims against Plaza Home are void of any factual or legal support.  Plaintiffs' claims are built upon short isolated segments of loan documents that are paraphrased and taken out of context in an attempt rewrite and misrepresent the nature of the loan transactions.  Plaza Home properly disclosed all loan terms pursuant to and in compliance with TILA.  TILA provides a safe-harbor for the state law based claims.  There were no fraudulent omissions, unlawful, fraudulent or unfair business practices.  Plaintiffs were sophisticated serial borrowers and professionals in the lending industry.  There was not and could not be reasonable reliance or presumed reliance under the facts as plead and in reality.  Plaza Home denies and objects to any and all of the alleged claims as well as the appropriateness of class certification for any and all claims and the relief requested.

### 4.    WaMu's Statement

Amparan is the only named-plaintiff who purports to assert any claims against WaMu, which deny that they are liable to Amparan in any respect.  In particular, Amparan's causes of action are factually and legally defective because WaMu are not liable for the purported fraudulent omissions and did not engage in any unfair, unlawful or fraudulent conduct.  This is true because

WaMu did not make Amparan's loan (Plaza Home did) and Plaza Home properly disclosed all loan terms.  For these and other reasons, Amparan cannot establish liability or a right to any relief, and her fraudulent omissions and UCL claims must fail as to WaMu.  Moreover, with respect to Plaintiffs' class allegations, WaMu specifically deny that class certification is required or appropriate in this case.

**C.   LEGAL ISSUES**

**1.   Plaintiffs' Statement**

Plaintiffs contend that the disputed points of law in this lawsuit include:

(a)    Whether Defendants in their loan documents concealed and failed to disclose material facts about the Option ARM loans to Plaintiffs and members of the putative Class;

(b)    Whether information such as the true interest rate on the loan and the fact that negative amortization was certain to occur by following the terms of the loans provided was material such that a reasonable consumer would find it important when deciding whether to purchase the loans;

(c)    Whether Defendants had a duty to disclose material information regarding the Option ARM loans to Plaintiffs and members of the putative Class before they entered into the subject Option ARM loans;

(d)    Whether WMMSC, WAAC, and Countrywide aided and abetted Plaza Home in its fraudulent scheme to sell Option ARM loans to Plaintiffs and Class Members without disclosing material information; and

(e)    Whether Defendants' conduct was likely to deceive Plaintiffs and members of the putative Class;

(f)    Whether Defendants' conduct was unlawful;

(g)    Whether Defendants' conduct caused a substantial injury to Plaintiffs and members of the putative Class;

(h)    Whether Defendants' conduct constituted an unfair business practice;

(i)    Whether common issues exist and whether those issues predominate; and

(j)     Whether the class action mechanism is the superior method of resolving Plaintiffs' claims and those of thousands of other putative Class members.

**2.     Countrywide's Statement**

Countrywide contends that the disputed points of law in this lawsuit include:

(a)     Whether the Cisneroses' fraudulent omissions claim is factually and legally defective;

(b)     Whether the Cisneroses' UCL claim is factually and legally defective;

(c)     Whether Plaza Home's loan documents that were provided to the Cisneroses contained any misrepresentations and/or failed to disclose material information;

(d)     Whether Countrywide is liable for Plaza Home's loan documents and disclosures to the Cisneroses;

(e)     Whether the Cisneroses' fraudulent omissions and UCL claims are preempted by TILA; and

(f)     Whether the proposed classes should be certified (and they should not).

**3.     Plaza Home's Statement**

Plaza Home contends the disputed points of law include:

(a)     Whether Plaintiffs' TILA claims are factually and legally defective;

(b)     Whether Plaintiffs' fraudulent omissions claim is factually or legally defective;

(b)     Whether Plaintiffs' UCL claim is factually or legally defective;

(c)     Whether these claims satisfy the rigorous class certification standard;

(d)     Whether the claims are partially or entirely barred by affirmative defenses; including without limitation, the statute of limitations, estoppel, waiver, unclean hands, the failure of reasonable reliance, fraud by the Plaintiffs, fraud and malfeasance by third parties and related defenses.

**4.     WaMu's Statement**

WaMu contends that the disputed points of law in this lawsuit include:

        (a)       Whether Amparan's fraudulent omissions claim is factually and legally defective;

        (b)       Whether Amparan's UCL claim is factually and legally defective;

        (c)       Whether Plaza Home's loan documents that were provided to Amparan contained any misrepresentations and/or failed to disclose material information;

        (d)       Whether WaMu are liable for Plaza Home's loan documents and disclosures to Amparan;

        (e)       Whether Amparan's fraudulent omissions and UCL claims are preempted by TILA; and

        (f)       Whether the proposed classes should be certified (and they should not).

## D.    MOTIONS

### 1.    Plaintiffs' Statement

Plaintiffs intend to file a motion for class certification as early as practicable and no later than 30 days after they receive complete interrogatory responses and document production from all Defendants.

### 2.    Countrywide's Statement

Countrywide anticipates filing a motion for summary judgment.

### 3.    Plaza Home's Statement

Plaza Home anticipates filing a motion for summary judgment.

### 4.    WaMu's Statement

WaMu anticipates filing a motion for summary judgment.

## E.    AMENDMENT OF PLEADINGS

### 1.    Plaintiffs' Statement

Plaintiffs reserve all rights to join additional persons or entities in this matter, including additional class representatives as may be necessary and appropriate.

### 2.    Defendants' Statement

Defendants' position is that Phase I Discovery (as defined in Section H, *infra*) may reveal other persons or entities who are appropriate parties in this matter with respect to Plaintiffs'

individual claims. Defendants therefore reserve all rights to join additional persons or entities in this matter.

**F.      EVIDENCE PRESERVATION**

**1.      Plaintiffs' Statement**

Plaintiffs have preserved documents and evidence relative to their Option ARM loans with Defendants. Defendants are under an obligation to preserve all documents and things that may be relevant to the claims of Plaintiffs and putative Class Members' in this class action lawsuit. However, Defendants have stated that they only intend on preserving evidence related to the named Plaintiffs' loans. Therefore, to preserve and prevent the destruction of relevant evidence in this matter, Plaintiffs believe that it is appropriate for this Court to order Defendants to preserve all documents and information concerning the claims of Plaintiffs and putative Class Members.

**2.      Countrywide's Statement**

Countrywide intends to preserve documents and electronic records in their possession concerning the subject mortgage loans to the Cisneroses.

**3.      Plaza Home's Statement**

Plaza Home intends to preserve the documents and electronic records in their possession concerning the mortgage loans to the Plaintiffs and has already produced such documentation to Plaintiffs in addition to related documents for class action purposes.

**4.      WaMu's Statement**

WaMu intends to preserve the documents and electronic records in their possession concerning the mortgage loan to Amparan and have already produced such documentation to Plaintiffs in addition to other documents.

**G.      DISCLOSURES**

Plaintiffs, Plaza Home and WaMu previously exchanged Rule 26 initial disclosures.

Plaintiffs and Countrywide agree that Rule 26 initial disclosures should be exchanged by January 14, 2011.

**H.      DISCOVERY**

    **1.      Plaintiffs' Statement**

As a practical matter, Plaintiffs intend to focus on discovery relating to class certification, so that a class certification motion can be filed promptly.  Defendants cannot show any good cause for an order bifurcating discovery and such bifurcation will inevitably lead to unnecessary, often meritless, discovery disputes as to what discovery goes to class certification and what discovery goes to the merits.  Thus, an order bifurcating discovery is unnecessary here.  Plaintiffs have served discovery on all Defendants related to Plaintiffs class claims.

    **2.      Defendants' Statement**

Plaza Home and WaMu have propounded and responded to written precertification discovery related to Plaintiff, Amparan.   Plaza Home and WaMu  have completed a precertification deposition of Plaintiff, Amparan, and Plaintiff has conducted Rule 30(b)(6) depositions of certain Plaza Home witnesses.  Plaza Home has propounded additional written precertification discovery on Plaintiff, Cisneros and expects responses in December 2010.  Plaintiffs recently served written discovery on Countrywide, the responses to which are due in early February 2011 by agreement.

Consistent with Plaintiffs' statement above, Defendants propose that initial discovery should be focused upon discovery about Plaintiffs' individual claims and the class action requirements of Fed. R. Civ. P. 23 ("Phase I Discovery"), with any remaining discovery such as expert and fact discovery about the claims of the absent class members (if a class is certified) ("Phase II Discovery") deferred until after the Court's ruling on class certification and class notice (if a class is certified).  Defendants believe that the class certification question is a threshold issue that should be decided early on in the litigation, as it will determine the scope of the case, promote settlement discussions, and help the parties and the Court manage the case most effectively and efficiently.  *See* Fed. R. Civ. P. 23(c)(1) (stating that the court should decide certification "[a]s soon as practicable" after commencement of a case filed as a class action); *see also* Manual for

Complex Litigation, § 21.04 (4th Ed.) (stating that "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations.").

Defendants propose that the Court hold a further status conference following its decision, if any, on class certification.  If a class has been certified, the Parties and the Court could address at that conference the appropriate scope and extent of Phase II discovery, if any.

Defendants further propose that (i) Phase I discovery should close 240 days after the Case Management Conference; (ii) Plaintiffs shall designate their experts, if any, regarding class certification issues 45 days prior to the deadline for completion of Phase I Discovery, and (iii) Defendants shall designate their experts, if any, regarding class certification issues 15 days prior to the deadline for the completion of Phase I Discovery.  In addition, Defendants propose that expert discovery on other issues, if any, will take place in Phase II Discovery and that the timing for all other expert disclosures should be determined at the status conference proposed to be held after the Court's decision, if any, on class certification.

Other than as set forth above, Defendants do not propose any changes to the limitations on discovery imposed under Federal Rules of Civil Procedures or Local Rules of this Court at this time.

I.      **CLASS ACTION**

     1.      **Plaintiffs' Statement**

Plaintiffs intend to file a motion for class certification as early as practicable and no later than 30 days after they receive complete interrogatory responses and document production from all Defendants.

     2.      **Defendants' Statement**

This is a putative class action.  With respect to the briefing of Plaintiffs' anticipated motion for class certification, Defendants propose that Plaintiffs shall file their motion, brief in support, class trial plan and all arguments and evidence relied upon by Plaintiffs in support of their request for class certification within 30 days of the close of Phase I discovery.  Further, if any experts are anticipated in connection with class certification, then Plaintiffs shall make expert disclosures,

with all information required under Rule 26 that are relevant to class issues, 45 days prior to the close of Phase I discovery and Defendants shall make expert disclosures, with all information required under Rule 26 that is relevant to class issues, 15 days prior to the close of Phase I discovery.

Within 45 days after Plaintiffs file their motion for class certification and accompanying submissions, Defendants will file their oppositions thereto, together with all arguments and evidence relied upon by Defendants in opposition to Plaintiffs' request for class treatment.  And, within 45 days after Defendants file their oppositions to Plaintiffs' motion for class certification, Plaintiffs will file their replies thereto responding to the arguments and evidence advanced by Defendants in their class certification opposition submissions.

**J.      RELATED CASES**

**1.      Plaintiffs' Statement.**

On February 26, 2008, the Court related this case to the matter of *Mandrigues, et al. v. World Savings, et al.*, Case No. C 07-04497-JF (RSx).

**2.      Defendants' Statement**

Defendants note that this case is one of many putative class actions brought by the same group of plaintiffs' counsel asserting the same claims and legal theories for recovery in the California state and federal courts.  Apart from the overlapping nature of the claims and legal theories, there is also an overlap of defendants between the cases.  For example, CHL and Countrywide Bank are defendants in similar cases filed by Plaintiffs' counsel in the Central and Southern Districts of California, and currently pending before this Court, the Honorable Phyllis J. Hamilton, the Honorable Andrew J. Guilford and the Honorable Dana M. Sabraw.

**K.      RELIEF**

**1.      Plaintiffs' Statement**

Plaintiffs seek actual, compensatory, consequential and punitive damages according to proof and as permitted by law, as well as restitution, disgorgement of profits and other appropriate equitable and injunctive relief as permitted by law.

### 2.      Countrywide's Statement

Countrywide denies that the Cisneroses are entitled to any relief.

### 3.      Plaza Home's Statement

Plaza Home denies that the Plaintiffs are entitled to any relief.

### 4.      WaMu's Statement

WaMu denies that Amparan is entitled to any relief.

## L.      SETTLEMENT AND ADR

The Parties have agreed that discussion of settlement and the appropriate ADR Local Rule 3-5 dispute resolution procedures is premature until the class certification question is resolved. Accordingly, the Parties have not engaged in settlement discussions, have not scheduled such discussions, have not agreed upon the mandatory settlement procedure to be used, and are not currently in a position to evaluate the likelihood of settlement.

## M.      CONSENT TO MAGISTRATE FOR ALL PURPOSES

The Parties do not consent to assignment to a magistrate for all purposes.

## N.      OTHER REFERENCES

The Parties do not believe that the case is suitable for reference.

## O.      NARROWING OF ISSUES

### 1.      Plaintiffs' Statement

Plaintiffs are unaware of any issues in the case that can be narrowed at this time.

### 2.      Defendants' Statement

Defendants anticipate filing motions for summary judgment

## P.      EXPEDITED SCHEDULE

The Parties agree that, inasmuch as this case is a putative class action asserting statutory and common law claims, it is a complex case.  Accordingly, the Parties do not believe that this case can be handled on an expedited basis.

**Q.     SCHEDULING**

     **1.     Plaintiffs' Proposed Schedule**

| Proposed Event | Plaintiff's Proposed Date |
|---|---|
| Last day to file Class Certification Motion | 30 days from later of all Defendants' complete answers to interrogatories or production of documents, or the resolution of a motion to compel concerning the foregoing, whichever is later |
| Opposition to Class Certification Motion Due | 45 days after class certification motion filed |
| Reply In Support of Class Certification Motion Due | 30 days after opposition to class certification filed |
| Class Certification Hearing | 14 days after filing of reply, the Court's schedule permitting |
| Fact Discovery Cut-off | 6 months after the Court issues an order on Plaintiff's Class Certification Motion |
| Designations of experts | 7 months after the Court issues an order on Plaintiff's Class Certification Motion |
| Expert Discovery Cut-Off | 60 days after the designation of experts |
| Last day to file Dispositive Motions | 30 days after Expert Discovery Cut-off |
| Oppositions to Dispositive Motions | 30 days after filing of Dispositive Motions |
| Reply re Dispositive Motions | 21 days after the filing of Opposition to Dispositive Motions |
| Hearing on Dispositive Motions | 14 days after the briefing of Dispositive Motions is complete, the Court's schedule permitting |
| Pretrial Conference | 30 days after the Court issues orders on Dispositive Motions |
| Trial | 2 weeks after Pretrial Conference |

**2.** **Defendants' Proposed Schedule**

| Proposed Event | Defendants' Proposed Date |
|---|---|
| Phase I Discovery Cutoff | 240 days after Case Management Conference |
| Plaintiffs' Expert Disclosures on Class Issues | 45 days before Phase I Discovery Cutoff |
| Defendant's Expert Disclosures on Class Issues | 15 days before Phase I Discovery Cutoff |
| Last day to file Class Certification Motion | 30 days after Phase I Discovery Cutoff (motion to contain all argument and supporting evidence) |
| Opposition to Class Certification Motion Due | 45 days after motion filed (motion to contain all argument and supporting evidence) |
| Reply In Support of Class Certification Motion Due | 45 days after opposition filed (with rebuttal argument and rebuttal evidence only) |
| Class Certification Hearing | Court sets date |
| Discovery Cut-off | Court sets date |
| Last day to file Dispositive Motions | Court sets date |
| Oppositions to Dispositive Motions | Court sets date |
| Reply re Dispositive Motions | Court sets date |
| Hearing on Dispositive Motions | Court sets date |
| Pretrial Conference | 2 weeks before trial |
| Trial | Court sets date |

**R.** **TRIAL**

**1.** **Plaintiffs' Statement.**

Plaintiffs' position is that since this is a straightforward case that will largely be determined through the examination of a discrete set of loan documents, the liability phase of trial for the proposed Class can be completed in 5 days, with a claims process following a determination of liability.

**2.** **Defendants' Statement.**

Defendants' position is that estimating the length of trial is impossible at this time because no discovery has occurred as to Countrywide, and the issue of class certification remains to be litigated. If the case proceeds and is not certified as a class action, and assuming Defendants do not prevail upon summary judgment, Defendants estimate that trial could last three to five days. If

the case proceeds beyond the motion to dismiss stage and is certified as a class action, the trial would last significantly longer, but an estimate of the length of a class trial is not possible at this time.   Defendants will be able to provide a better estimate of the length of any class trial after Phase I Discovery is complete and the Court rules upon class certification.

Defendants also note that, in the event Plaintiffs' UCL claims survive to trial, Plaintiffs do not have a right to a jury trial for such claims.  *See Okura & Co. (America), Inc. v. Careau Group*, 783 F. Supp. 482, 490 (C.D. Ca. 1991).  Defendants also note that rescission is not an available remedy in the event the class is certified.

**S.   DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS**

**1.   Plaintiffs' Certification**

Plaintiffs filed a Certification of Interested Entities or Persons on August 30, 2007.

**2.   Countrywide's Certification.**

Countrywide filed a Certification of Interested Entities or Persons on November 23, 2010.

**3.   Plaza Home's Certification.**

Plaza Home filed a Certification of Interested Entities or Persons at the outset of the case.

**4.   WaMu's Certification.**

WaMu filed a Certification of Interested Entities or Persons on November 24, 2010.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: December 10, 2010

/s/   Brooks R. Brown
Brooks R. Brown
*bbrown@goodwinprocter.com*
GOODWIN PROCTER LLP
10250 Constellation Blvd.
Los Angeles, California  90067
Tel.:  310.788.5100
Fax:  310.286.0992

Robert B. Bader
*rbader@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, California  94111
Tel.:  415.733.6000
Fax:  415.677.9041

Attorneys for Defendants:
*Countrywide Bank, FSB and Countrywide Home Loans, Inc.*

Dated: December 10, 2010

/s/   John D. Alessio
John D. Alessio
*john.alessio@procopio.com*
PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP
525 B Street, Ste. 2200
San Diego, California  92191
Tel:  619.238.1900
Fax: 619.744.5414

Attorneys for Defendant:
*Plaza Home Mortgage, Inc.*

| | |
|---|---|
| 1 | Dated:  December 10, 2010 |

/s/ Stephen R. Meinertzhagen
Stephen R. Meinertzhagen (Admitted *Pro Hac Vice*)
*smeinertzhagen@burkelaw.com*
Leann Pedersen Pope (Admitted *Pro Hac Vice*)
*lpope@burkelaw.com*
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Tel.:   312.840.7000
Fax:   312.840.7900

Shannon Z. Petersen
*spetersen@sheppardmullin.com*
Robert S. Beall
*rbeall@sheppardmullin.com*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Tel.:   714.513.5100
Fax:   714.513.5130

Attorneys for Defendants:
*Washington Mutual Mortgage Securities Corporation and WaMu Asset Acceptance Corp.*

Dated:  December 10, 2010

By:___s/ Lee A. Weiss_____
Lee A. Weiss (admitted *pro hac vice*)
*lweiss@bwgfirm.com*
1 Liberty Plaza, Suite 2329
New York, NY 10006
Telephone:  (212) 354-4901
Facsimile:  (212) 354-4904

-and-

Michael Bowse (SBN 189659)
*mbowse@bwgfirm.com*
BROWNE WOODS GEORGE LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
Telephone:  (310) 274-7100
Facsimile:   (310) 275-5697

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

David M. Arbogast (SBN 167571)
darbogast@law111.com
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
ARBOGAST & BERNS LLP
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA 91367-2263
Telephone:  (818) 961-2000
Facsimile:   (818) 936-0232

Jennie Anderson (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, 9th Floor
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:   (415) 986-1474

Jonathan Shub (SBN 237708)
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Telephone:  (215) 564-2300
Facsimile:   (215) 851-8029

Christopher A. Seeger (admitted *pro hac vice*)
SEEGER WEISS LLP
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28

1

**ECF CERTIFICATION**

2          Pursuant to General Order No. 45, § X.B., the filing attorney attests that he has obtained

3    concurrence regarding the filing of this document from the signatories to the document.

4
     Dated: December 10, 2010                    GOODWIN PROCTER LLP
5                                                10250 Constellation Blvd.
                                                 Los Angeles, California  90067
6

7                                                By: /s/ Brooks R. Brown

8
                                                 Attorneys for Defendants:
9                                                *Countrywide Bank, FSB and Countrywide*
                                                 *Home Loans, Inc.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROOF OF SERVICE</u>**

I certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non registered participants on this December

10, 2010.

<u>/s/ Brooks R. Brown</u>
Brooks R. Brown